# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Berry, Jr., ) | Civil Action No. 2:10-481-MBS |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Skip Darwin, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Charles Berry Jr. ("Plaintiff") filed this *pro se* action on March 1, 2010. Entry 1. Plaintiff's claim for relief as set forth in the complaint is "Sue Skip Darwin For Breech (sic) of Trust." Id. at 3. The relief requested in the complaint is "Sue For Breech (sic) of Trust." Id. at 5. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. On March 4, 2010, the Magistrate Judge issued a Report and Recommendation in which he recommended that Plaintiff's complaint be summarily dismissed without prejudice for lack of jurisdiction. Entry 7. Plaintiff filed an objection to the Report and Recommendation on March 10, 2010. Entry 10.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the

1

Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

In his objection, Plaintiff reiterates some of the same allegations stated in his complaint. Plaintiff's objection fails to direct the court's attention to a specific error in the Magistrate Judge's Report and Recommendation. Nevertheless, the court has conducted a *de novo* review of the complaint and hereby concurs in the Magistrate Judge's recommendation that this case be summarily dismissed without prejudice for lack of subject-matter jurisdiction.

Federal courts have limited subject-matter jurisdiction and are required to dismiss an action if no valid basis for subject-matter jurisdiction exits. See In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998) (citing Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978) (stating the general principle that "'federal courts are courts of limited jurisdiction,' constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). Federal subject-matter jurisdiction may exist where an action raises a "federal question" pursuant to 28 U.S.C. § 1331 or where there is diversity of citizenship between the parties and more than $75,000 in controversy pursuant to 28 U.S.C. §1332.

A complaint filed in federal court must contain "a short and plain statement of the grounds for jurisdiction." See Fed. R. Civ. P. 8(a)(1). If the complaint fails to comply with Rule 8(a)(1), "the

federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded. See Pinkley, Inc. v. City of Fredrick, MD., 191 F.3d 394, 399 (4th Cir. 1999). In this case, the complaint does not contain an affirmative pleading of a jurisdictional basis, and the allegations in the complaint do not fall within the scope of this court's limited subject-matter jurisdiction. There is no basis for "federal question" jurisdiction because the allegations in the complaint are insufficient to show that this case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Moreover, there is no basis for "diversity" jurisdiction because Plaintiff and Defendant are both residents of South Carolina.

Accordingly, Plaintiff's complaint is dismissed *without prejudice* and without issuance and service of process. The court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

**IT IS ORDERED**.

s/Margaret B. Seymour
United States District Judge

April 23, 2010
Columbia, South Carolina